IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANNIE COOPER o/b/o ) | |
| DEMITRICE RAMON RIGGS, ) | |
|                              ) | |
|         Plaintiff, ) | |
|                              ) | |
|    v.                    ) | CIVIL ACTION NO. 1:04cv632-SRW |
|                              ) | WO |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security, ) | |
|                              ) | |
|         Defendant. ) | |

**MEMORANDUM OF OPINION**

Annie Cooper o/b/o Demitrice Ramon Riggs,[1] brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be affirmed.

**BACKGROUND**

On December 3, 2001, plaintiff filed an application for Supplemental Security Income (SSI). On November 26, 2003, after the claim was denied at the initial administrative levels, an ALJ conducted an administrative hearing. The ALJ rendered a decision on February 23,

---

[1] For convenience, Demitrice Riggs is referred to as the "plaintiff" in this memorandum of opinion .

2004, in which he found that plaintiff is not disabled within the meaning of the Social Security Act. On May 11, 2004, the Appeals Council denied plaintiff's request for review and, accordingly, the decision of the ALJ became the final decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

The plaintiff challenges the Commissioner's decision, arguing that the Administrative Law Judge (ALJ): (1) failed to develop the record fully concerning plaintiff's asthma, and (2) failed to order a consultative examination. For the reasons set out below, the court finds

that plaintiff's claims are without merit.

1.   Development of the Record

Plaintiff, a child born on August 3, 1992, contends that the ALJ erred in failing to update medical records from Dr. John F. Simmons which would have demonstrated that plaintiff had asthma. The ALJ did consider Dr. Simmons' records covering February 1999 through January 2002. R. 13. Among these was a December 18, 2001 report indicating "No usual ailments[,] no evidence of disability!" R. 196.[2] However, the administrative hearing occurred on November 26, 2003, and plaintiff maintains that the ALJ did not make a sufficient effort to update those records to the date of the hearing.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003)(citing 20 C.F.R. § 416.912(d) and Brown v. Shalala, 44 F.3d 931, 934 (11th Cir.1995)). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Id. Further, although the ALJ has a duty to develop a full and fair record, there must be a showing of prejudice before the court will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record. Hurley v. Commissioner of Social Sec., 147 Fed.Appx. 103, 105 (11th Cir. 2005)(unpublished). Before ordering a remand, the court reviews the administrative record as a whole to determine if it is

---

[2] This report bears a stamped date of January 3, 2002.

inadequate or incomplete or shows the kind of gaps in the evidence necessary to demonstrate prejudice.  Id. (citing Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir.1997)).

Plaintiff himself, despite being represented by counsel, never attempted to submit the remaining treatment records from Dr. Simmons to the ALJ.  This is so despite the fact that the ALJ specifically inquired about the availability of records relating to plaintiff's asthma at the hearing.

> ALJ: Now, I noticed he's taking it looks like four different medications for asthma, shortness of breath, allergies.  And that started in 2003?
>
> A. Yes, sir.
>
> \* \* \*
>
> Q. Did you ever have to get a letter from the doctor to the school board or to the school telling them that he needs to be on modified PE that he needs to be excluded from those activities that are at the high exertional level?
>
> A. To the point where if he cannot breath then he would have to stop and rest, yes.
>
> Q. Did you get a letter from the doctor?
>
> A. Yes, I got a letter from the doctor to take into the school nurse so she would have it and the coach would have something about that.
>
> \* \* \*
>
> Q. Okay, Dr. Simons [sic] is his regular doctor?
>
> A. Uh-huh, Dr. Simons is his regular doctor.
>
> > ALJ     We might need to get a copy of that if we can get it maybe after the hearing, any kind of modified PE letter. And Dr. – we're all as far as being updated for medical

|  |  |
|---|---|
|  | records, we're pretty well updated? |
| ATTY | Yes, sir. |
| ALJ | We're not missing anything from Dr. Simons? |
| ATTY | Maybe the most recent records we're maybe missing those over the last month or so. |
| WTN | Uh-huh, since he's seen him. |

R. 234-36.  At the end of the hearing, the ALJ returned to this subject:

| ALJ | Let's see if we can get the records from Dr. Simons so we can get a real diagnosis.  It looks like he's taking all the medicine [for asthma] but we need some kind of objective medical evidence.  And if there is a letter from Dr. Simons to the school as far as the modified PE kind of situation if you can get a copy of that.  Let me hold off on sending him to another CE, let's see what Dr. Simons says first. |
|---|---|
| ATTY | Okay.  I'll also try to get those emergency room records as well too. |
| ALJ | That's fine, how much time do you think you need for that, sir?  Thirty days? |
| ATTY | Yes. |
| ALJ | Okay.  Did you have a separate closing? |
| ATTY | No, Your Honor. |
| ALJ | Go ahead and closes [sic] the hearing then at 9:34 a.m. on this the 26th day of November 2003.  And when we get that additional information I'll make a decision as to whether or not he needs a CE physical for these additional problems and if so we'll notify you and if not we'll get a decision out as soon as possible. |

R. 250-51.  Later, the ALJ wrote in his decision:

5

> The record was left open after the hearing for the claimant's representative to submit additional medical records to include: a letter from Dr. Simmons regarding the claimant's participation in physical education classes; updated medical records from Dr. Simmons; and emergency room records for 2002 and 2003.  None of the above evidence was submitted after the hearing.

R. 18.  Thus, the ALJ found as follows:

> The claimant's aunt alleged that the claimant has asthma; however, there is no diagnosis of asthma in the record.  There is no evidence that the claimant has been treated in an emergency room or that he has been hospitalized for treatment of asthma.  Therefore, I find that the claimant's allegation of asthma is not medically determinable.

Id.

An ALJ will not be deemed to have failed to develop the medical record where he attempted to do so by requesting medical records, and plaintiff failed to respond.  Ellison, 355 F.3d at 1276 (ALJ attempted to develop the medical record by requesting on two occasions that plaintiff furnish him medical records, but plaintiff failed to do so – thus, plaintiff was not entitled to relief on his contention that the ALJ failed to adequately develop the medical record.) (citing 20 C.F.R. § 416.916 (stating that "[w]hen you fail to cooperate with us in obtaining evidence, we will have to make a decision based on the information available in your case")).  Plaintiff, who was responsible for producing evidence in support of his claim, simply failed to do so in this case.  The court declines to attribute this error to the ALJ.

In addition, plaintiff has not explained how the fact that Dr. Simmons' records after January 2002 were never submitted actually prejudiced his case, other than to suggest that

the records would have demonstrated that plaintiff suffered from asthma. A diagnosis of asthma alone is insufficient to support a finding that plaintiff was disabled. The Social Security Regulations set forth a sequential evaluation process to be followed in determining disability in children. See 20 C.F.R. § 416.924. The regulations require that the ALJ make a determination as to (1) whether the child has engaged in substantial gainful activity; (2) whether the child has a "severe" impairment; and (3) whether the child's "severe" impairment results in "marked and severe" functional limitations. 20 C.F.R. § 416.924(a)-(d). The child's impairment causes "marked and severe" functional limitations if the impairment, or combination of impairments, meets or medically equals in severity the criteria for an impairment listed in the Listing of Impairments, or if the impairment, or combination of impairments, is functionally equal in severity to a listed impairment. 20 C.F.R. § 416.924(d). "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir.2002).

In this case, plaintiff has not explained how the missing medical evidence would establish that he suffered from marked and severe functional limitations so as to meet or equal the specific criteria of a Listing, nor does the court's review of the medical records attached to plaintiff's brief (which also include emergency room records) permit it to reach such a conclusion. Thus, absent a showing of actual prejudice, the court cannot determine that remand is warranted to obtain or include these records. See Kilcrease v. Barnhart, 347

F.Supp.2d 1157, 1162 M.D. Ala. 2004) (Plaintiff "has not shown why it would be relevant for him to [obtain medical records] or what difference it would have made had he done so.").

2. <u>Consultative Examination</u>

Plaintiff argues that the ALJ erred by failing to order a consultative examination relating to plaintiff's asthma. As noted above, the ALJ is charged with developing a fair and full record. <u>Todd v. Heckler</u>, 736 F.2d 641, 642 (11th Cir.1984). However, the burden is on the plaintiff to prove he is disabled. The Social Security regulations provide in part:

> In general, you have to prove to us that you are blind or disabled. Therefore, you must bring to our attention everything that shows that you are blind or disabled. This means you must furnish medical and other evidence that we can use to reach conclusions about your impairment(s) and, if material to the determination of whether you are blind or disabled, its effect on your ability to work on a sustained basis.

20 C.F.R. § 404.1512(a).

Consultative examinations are not required by statute; the Commissioner's regulations simply provide for them where warranted. <u>See</u> 20 C.F.R. § 404.1517. Those regulations state:

> (a)(1) *General.* The decision to purchase a consultative examination for you will be made after we have given full consideration to whether the additional information needed (e.g., clinical findings, laboratory tests, diagnoses, and prognosis) is readily available from the records of your medical sources.
>
> (b) *Situations requiring a consultative examination.* A consultative examination may be purchased when the evidence as a whole, both medical and non-medical, is not sufficient to support a decision on your claim.

20 C.F.R. § 404.1519(a).

While it is reversible error for an ALJ not to order a consultative examination when the evaluation is necessary for him to make an informed decision, Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir.1984), the ALJ is not required to order a consultative examination unless the record, medical and non-medical, establishes that such an examination is necessary to enable the ALJ to render a decision. Holladay v. Bowen, 848 F.2d 1206, 1210 (11th Cir.1988)(citing Ford v. Secretary of Health and Human Services, 659 F.2d 66, 69 (5th Cir.1981)) (emphasis added).

In this case, the ALJ himself raised the question of whether or not plaintiff required a consultative examination concerning his asthma.

> ALJ: ....[I]t looks like since he's filed there's been some problems with asthma, allergies and so forth?
>
> ATTY: That's correct, Your Honor.
>
> ALJ: And we may need a post CE on those because to be fair because we didn't do that before. I guess because we didn't know.
>
> WTN: Yes, just recently.
>
> ALJ: That's 2003?
>
> WTN: Uh-huh.

R. 233. Later in the hearing, as noted above, the ALJ returned to the question of whether or not a consultative examination would be necessary:

> ALJ   Let's see if we can get the records from Dr. Simons so we can get a real diagnosis. It looks like he's taking all the medicine [for asthma] but we need some kind of objective medical

|      |      |
| ---- | ---- |
|      | evidence.  And if there is a letter from Dr. Simons to the school as far as the modified PE kind of situation if you can get a copy of that.  *Let me hold off on sending him to another CE, let's see what Dr. Simons says first.* |
| ATTY | Okay.  I'll also try to get those emergency room records as well too. |
| ALJ  | That's fine, how much time do you think you need for that, sir?  Thirty days? |
| ATTY | Yes. |
| ALJ  | Okay.  Did you have a separate closing? |
| ATTY | No, Your Honor. |
| ALJ  | Go ahead and closes [sic] the hearing then at 9:34 a.m. on this the 26th day of November 2003.  *And when we get that additional information I'll make a decision as to whether or not he needs a CE physical for these additional problems and if so we'll notify you and if not we'll get a decision out as soon as possible.* |

R. 250-51(emphasis added).

As discussed above, after the ALJ attempted to develop the medical record further by requesting additional evidence, and plaintiff failed to respond to his request, the ALJ was entitled to proceed on the medical record before him.  That record did not establish that a consultative examination was necessary to enable the ALJ to render a decision concerning plaintiff's asthma. Under these circumstances, and in view of the sparse evidence of any functional limitations caused by plaintiff's asthma, even in the additional medical records attached to plaintiff's brief, the ALJ did not err in failing to order a consultative examination. See Street v. Barnhart, 133 Fed. Appx. 621 (11th Cir. May 18, 2005)(unpublished opinion).

## CONCLUSION

Upon review of the record as a whole, the court concludes that the decision of the ALJ in this case is due to be AFFIRMED. A separate judgment will be entered.

DONE, this 1st day of June, 2006.

/s/ Susan Russ Walker<br>
SUSAN RUSS WALKER<br>
UNITED STATES MAGISTRATE JUDGE